Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
JONATHAN Y. TRAN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JONATHAN Y. TRAN,<br><br>Plaintiff,<br>v.<br><br>SUTTELL & HAMMER, APC, F/K/A SUTTELL, HAMMER & WHITE, APC, a California corporation,<br><br>Defendants. | Case No. ______________________<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692p<br>California Civil Code §§ 1788-1788.33 |

Plaintiff, JONATHAN Y. TRAN, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[1] Cal. Civil Code § 1788.1(a)(1).

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**III. VENUE**

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**IV. INTRADISTRICT ASSIGNMENT**

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**V. PARTIES**

8. Plaintiff, JONATHAN Y. TRAN (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, SUTTELL & HAMMER, APC, F/K/A SUTTELL, HAMMER & WHITE, APC (hereinafter "SUTTELL" or "Defendant"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 10900 NE 8th Street, Suite 605, Bellevue, Washington 98004. SUTTELL may be served as follows: Suttell & Hammer, APC, c/o National Registered Agents, Inc., Agent for Service of Process, 818 West 7th Street, Suite 930, Los Angeles, California 90017. The principal business of SUTTELL is

the collection of defaulted consumer debts using the mails and telephone, and SUTTELL regularly attempts to collect defaulted consumer debts alleged to be originally due another. SUTTELL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by CNU OF CALIFORNIA, LLC, d/b/a CashNetUSA (hereinafter "the alleged debt"). Plaintiff generally denies that any debt is owed. The alleged debt was incurred primarily for personal, family or household purposes (*e.g.* purchase of clothing, groceries, gasoline, etc.) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Plaintiff is informed and believes, and thereon alleges, that sometime after he defaulted on his consumer credit account with CashNetUSA, the defaulted debt was sold, assigned, or otherwise transferred from CashNetUSA to REVIVER FINANCIAL, LLC, either directly or through a series of intermediate assignees. Plaintiff is informed and believes, and thereon alleges, that CashNetUSA retained no interest in Plaintiff's defaulted account after the sale, assignment, and transfer of the alleged debt to REVIVER FINANCIAL, LLC.

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to him, the alleged debt was consigned, placed, or otherwise assigned to SUTTELL by REVIVER FINANCIAL, LLC, for the purposes of collection from Plaintiff.

13. Thereafter, SUTTELL sent, or caused to be sent, a two page collection notice to Plaintiff, on behalf of REVIVER FINANCIAL, LLC, which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection notice from SUTTELL to Plaintiff is

attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection notice (Exhibit "1") is dated August 30, 2016.

16. The collection notice (Exhibit "1") was sent in an envelope on which a postage meter stamp dated August 31, 2016, was imprinted.

17. Plaintiff is informed and believes, and thereon alleges that SUTTELL deposited the envelope containing the collection notice (Exhibit "1") in the United States Mail on or about August 31, 2016.

18. The collection notice (Exhibit "1") was the first written communication from SUTTELL to Plaintiff in connection with the collection of the debt alleged to be originally owed to CashNetUSA.

19. The collection notice (Exhibit "1") states that the "Original (Charge Off) Creditor" is "CASH NET - IL."

20. The collection letter (Exhibit "1") fails to state the name of the then current creditor.

## VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, SUTTELL, is a "debt collector" as that term is defined by the FDCPA,

15 U.S.C. § 1692a(6).

25. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

26. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendant sent Plaintiff an initial collection notice in the form of Exhibit "1", which failed to state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

30. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

31. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

32. Defendant, SUTTELL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

33. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

34. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendant sent Plaintiff an initial collection notice in the form of Exhibit "1", which failed to state the name of the creditor to whom the debt is owed, in violation of Cal. Civil Code § 1788.17.[2]

35. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

36. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against Defendant, pursuant to Cal. Civil Code § 1788.30(b).

37. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against Defendant, pursuant to Cal. Civil Code § 1788.17.[3]

38. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[4]

39. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

/ / /

/ / /

[2] 15 U.S.C. § 1692g(a)(2).
[3] 15 U.S.C.§ 1692k(a)(2)(A).
[4] 15 U.S.C.§ 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2);

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;[5]

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[6]

g) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

[5] 15 U.S.C. § 1692g(a)(2).

[6] 15 U.S.C. § 1692k(a)(2)(A).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
JONATHAN Y. TRAN

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JONATHAN Y. TRAN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.